**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
Email: kevin@kjclawgroup.com
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

**BANNER WITCOFF**
Jason S. Shull (*pro hac vice forthcoming*)
Email: jshull@bannerwitcoff.com
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Robert Katz (*pro hac vice forthcoming*)
Email: rkatz@bannerwitcoff.com
1100 13th Street, N.W., Suite 1200
Washington, D.C. 2005
Telephone: (202) 824-3001

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TA3, Inc. d/b/a TA3 Swim, a Delaware Company | Case No. _____ |
| Plaintiff, | |
| vs. | COMPLAINT FOR |
| | PATENT INFRINGEMENT |
| Xibor Limited d/b/a Berlook, a Chinese Company, | |
| Defendant | Jury Trial Demanded |

1

COMPLAINT FOR PATENT INFRINGEMENT

## COMPLAINT

Plaintiff TA3, Inc. d/b/a TA3 Swim ("TA3"), for its Complaint against Defendant Xibor Limited d/b/a Berlook ("Defendant"), alleges as follows:

## THE PARTIES

1.      TA3 is a Delaware entity with a principal address at 2807 West Sunset Blvd, Los Angeles, California 90026. TA3 is a leader in the design and development of swimsuits and apparel.

2.      Defendant Xibor Limited d/b/a Berlook is a Chinese company, having a principal place of business at Unit 83, 3/F Yau Lee Ctr No 45 Hoi Yuen Rd, Kwun Tong, Hongkong, 999077. Defendant, a fast fashion company with a penchant for overlooking the intellectual property rights of others, substantially copied TA3's "LIFTY®" swimsuit and its intellectual property rights covering that swimsuit.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

4.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Defendant Xibor Limited d/b/a Berlook is a Chinese business entity having a principal place of business at Unit 83, 3/F Yau Lee Ctr No. 45 Hoi Yuen Rd, Kwun Tong, Hong Kong, 999077.

6.      Upon information and belief, Defendant does not maintain a physical place of business or location in the United States.

7.      Defendant owns, operates, and controls the commercial website located at www.berlook.com, through which Defendant advertises, offers for sale, sells, and ships apparel products to customers worldwide, including customers in

COMPLAINT FOR PATENT INFRINGEMENT

the United States.

8.    Defendant conducts substantial business in the United States, including within this District, by operating an interactive commercial e-commerce website through which U.S. consumers may purchase products directly from Defendant.

9.    Defendant, directly and/or through intermediaries, has purposefully directed its activities toward the United States, including this District, by, inter alia:

a.  Operating a commercial, interactive e-commerce website accessible to consumers in the United States;

b.  Advertising, offering for sale, and selling products to consumers located in the United States;

c.  Displaying product information in English and pricing products in U.S. dollars;

d.  Accepting payment from U.S.-based customers;

e.  Shipping and delivering products, including Accused Products, to customers located in the United States;

f.  Publishing and displaying reviews from customers located in the United States; and

g.  Marketing, promoting, and cultivating goodwill in the Berlook brand among U.S. consumers.

10.    Defendant's website further evidences Defendant's purposeful availment of the U.S. market by publishing and displaying customer reviews from purchasers located in the United States, demonstrating that Defendant has completed sales to, and shipped products to, U.S. customers.

11.    For example, Defendant's website includes reviews attributed to

3

COMPLAINT FOR PATENT INFRINGEMENT

customers identifying locations within the United States. See https://www.berlook.com/products/black-cross-back-tummy-control-one-piece-swimsuit?pr_prod_strat=e5_desc&pr_rec_id=9266da519&pr_rec_pid=8794068713629&pr_ref_pid=8863694061725&pr_seq=uniform; Exhibit 2.

12.    These reviews, among others, confirm that Defendant has repeatedly sold and shipped products into the United States and has cultivated an ongoing customer base within the United States.

13.    Defendant has also purposefully directed activities toward the United States by seeking and obtaining protection for its Berlook brand through the United States Patent and Trademark Office. (Exhibit 3). Defendant is the owner and/or registrant of one or more United States trademark registrations or applications for the BERLOOK mark, evidencing Defendant's intent to use and protect the Berlook brand in United States commerce. (*Id.*)

14.    Defendant has made, used, offered to sell, sold, and/or imported into the United States products that infringe the design claim of the Asserted Patent, including by offering to sell, selling, and shipping Accused Products to customers located in the United States and in this District.

15.    Plaintiff's claims arise out of or relate to Defendant's contacts with the United States and this District, including Defendant's advertising, offering for sale, sale, and/or importation of Accused Products into the United States and this District.

16.    Defendant's conduct constitutes purposeful availment of the privilege of conducting business in the United States and in this District, such that Defendant should reasonably anticipate being haled into court here.

17.    This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because:

4

COMPLAINT FOR PATENT INFRINGEMENT

a. Plaintiff's claims arise under federal law;

b. Defendant is a foreign defendant that, upon information and belief, is not subject to jurisdiction in the courts of general jurisdiction of any single state, or alternatively has not identified any such state in which suit would be proper; and

c. Defendant has sufficient contacts with the United States as a whole, including the contacts described above, such that the exercise of jurisdiction over Defendant is consistent with the United States Constitution and laws.

18.    In the alternative, this Court has personal jurisdiction over Defendant because Defendant has purposefully directed infringing activities toward this District and has sufficient minimum contacts with this District, including by advertising, offering to sell, selling, shipping, and/or delivering Accused Products to customers located in this District.

19.    The exercise of personal jurisdiction over Defendant in this District is reasonable and does not offend traditional notions of fair play and substantial justice.

20.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States and may be sued in any judicial district.

21.    Venue is also proper because Defendant has committed acts of infringement in this District and has transacted business in this District, including by offering to sell, selling, shipping, and/or delivering Accused Products to customers located in this District.

22.    For these reasons, jurisdiction and venue are proper in this Court.

5

COMPLAINT FOR PATENT INFRINGEMENT

## TA3 and Its Intellectual Property

23. For years, TA3 has continuously engaged in the design, development, manufacture, promotion, and sale of, among other things, award winning swimwear products. TA3 has invested substantial resources into the research, design, and development of its swimwear products. As a result, TA3 has became an industry leader, and maintains that position, by creating game-changing and award-winning designs.

24. TA3's strategy is to compete fairly. As such, TA3's intellectual property rights are important to its brand, its success, and its competitive position. TA3 pursues available protection of these rights and vigorously protects them against third-party theft and infringement.

25. TA3 owns multiple patents and trademarks covering its innovated swimwear products. For example, TA3 owns, among others, U.S. Design Patent No. D1,039,789 ("the '789 Patent").

26. The '789 Patent is titled "Swimsuit." On August 27, 2024, the '789 Patent was duly and legally issued by the U.S. Patent Office to TA3. TA3 owns the entire right, title, and interest to the '789 Patent. A copy of the '789 Patent is attached as Exhibit 1. The '789 Patent carries a presumption of validity under 35 U.S. C. § 282(a) and is enforceable.

## Defendant's Unlawful Activities

27. Defendant also markets and distributes swimwear products. But instead of innovating its own designs and technologies, Defendant often copies the successful products of others by making them in China and importing them into the United States. Defendant substantially copied TA3's award-winning "LIFTY®" swimsuit, and has made, used, offered to sell, sold, and/or imported, and continues to make, use, offer to sell, sell, and/or import, products that violate TA3's patent rights. Defendant's actions have all been without the authorization of TA3.

COMPLAINT FOR PATENT INFRINGEMENT

28.    As discussed in more detail below, Defendant violated and is violating TA3's patent rights by making, using, offering to sell, selling, and/or importing into the United States products that infringe the '789 Patent. Defendant is not authorized to use TA3's patented designs. Defendant's actions are unlawful, and they must stop. Defendant must also compensate TA3 for its violations of the law.

29.    Defendant's Accused Products include at least its products named "Cross Back Tummy Control One Piece swimsuit." Defendant sells this infringing product in at least five different color models.  Defendant's knock-off products are made in China and imported and sold into the United States without TA3's authorization.

30.    TA3 also provided Defendant with actual notice of the '789 Patent at least as early as February 27, 2025. Despite actual knowledge of the '789 Patent, Defendant has continued to violate TA3's patent rights.

31.    Defendant has deliberately, intentionally, and willfully infringed the '789 Patent, which is evidenced at least by its knowledge of the '789 Patent and by its deliberate or reckless disregard of TA3's patent rights. Defendant was notified by TA3 of its infringement of '789 Patent and has continued to infringe and has not responded to the infringement notice letter.

32.    The overall appearance of the designs of the '789 Patent and the corresponding designs of Defendant's Accused Products are substantially the same. An ordinary observer will perceive the overall appearance of the designs of the '789 Patent and the corresponding design of the Accused Products to be substantially the same. Table 1 below illustrates Defendant's infringement by comparing exemplary figures from the '789 Patent to exemplary images of the Accused Products.

7

COMPLAINT FOR PATENT INFRINGEMENT

| TABLE 1 | |
|---|---|
| **THE '789 PATENT DESIGN** | **"CROSS BACK TUMMY CONTROL ONE PIECE SWIMSUIT"** *(TAKEN FROM WWW.BERLOOK.COM)* |
|  |  |
|  |  |

COMPLAINT FOR PATENT INFRINGEMENT

## COUNT I:

## PATENT INFRINGEMENT OF THE '789 DESIGN PATENT

## UNDER 35 U.S.C. § 271

33.    TA3 re-alleges the foregoing paragraphs 1 through 32 as though fully set forth here.

34.    Defendant has infringed and continues to infringe the '789 Patent at least by using, selling, offering to sell, making, and/or importing into the United States its Accused Products, which are covered by the claim of the '789 Patent.

35.    Defendant's Accused Products infringe the '789 Patent because the overall appearances of its Accused Products are substantially the same as the overall appearance of the design of the '789 Patent, and an ordinary observer would perceive the overall appearances of its Accused Products to be substantially the same as the overall appearance of the design of the '789 Patent.

36.    Defendant's acts of infringement has been without express or implied license by TA3, are in violation of TA3's rights, and will continue unless enjoined by this Court.

37.    Defendant's acts of infringement has been and continues to be deliberate, intentional, and willful.

38.    Defendant's willful infringement is evidenced at least by its actual knowledge of TA3's asserted patent and by Defendant's deliberate or reckless disregard of TA3's asserted patent.

39.    This is an exceptional case in view of, *inter alia*, Defendant's wrongful activities and willful misconduct, including Defendant's deliberate, intentional, and willful infringement.

COMPLAINT FOR PATENT INFRINGEMENT

40.     TA3 has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

41.     Defendant also has caused, is causing, and will continue to cause irreparable harm to TA3 for which there is no adequate remedy at law and for which TA3 is entitled to injunctive relief under at least 35 U.S.C. § 283.

## JURY DEMAND

TA3 respectfully demands trial by jury on all issues so triable by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, TA3 respectfully prays for:

A. Judgment that Defendant has: (i) infringed the '789 Patent in violation of § 271 of Title 35 of the United States Code; and (ii) that Defendant's infringing activities have been deliberate, intentional, and willful;

B. An injunction against further infringement of TA3's patent by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283;

C. An Order directing Defendant to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

D. An award of damages adequate to compensate TA3 for Defendant's patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Defendant's profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

COMPLAINT FOR PATENT INFRINGEMENT

E.  Such other and further relief as this Court deems just and proper.

Date:  July 8, 2026

Respectfully submitted,

*/s/ Kevin J. Cole*
Kevin J. Cole SB# 321555
**KJC LAW GROUP, A.P.C.**
Email: kevin@kjclawgroup.com
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

Jason S. Shull (*pro hac vice forthcoming*)
Email: jshull@bannerwitcoff.com
Banner Witcoff
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000

Robert Katz (*pro hac vice forthcoming*)
Email: rkatz@bannerwitcoff.com
Banner Witcoff
1100 13th Street, N.W., Suite 1200
Washington, D.C. 2005
Telephone: (202) 824-3001

**Attorneys for Plaintiff**

11

COMPLAINT FOR PATENT INFRINGEMENT